IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MCI WORLDCOM NETWORK SERVICES, INC., *et al.*, <br><br>    Plaintiffs, <br><br>v. <br><br>BELL ATLANTIC-MARYLAND, INC., *et al.*, <br><br>    Defendants. | CIVIL ACTION NO.<br>AMD-00-1518<br><br>July 28, 2003 |

**PLAINTIFFS' SUPPLEMENTAL STATUS REPORT**

As requested by this Court's Order, dated July 5, 2003, Plaintiffs MCI WORLDCOM Network Services, Inc. and MCImetro Access Transmission Services LLC (together "MCI"), by and through undersigned counsel, respectfully submit this Supplemental Status Report concerning the effect on the briefing of MCI's claims of the recent Order No. 78552 ("Order") issued by the Maryland Public Service Commission ("MPSC") in MPSC Docket No. 8879.[1]

The Order, issued by the MPSC on June 30, 2003, established a revised methodology and identified certain model inputs for the establishment of new rates at which MCI will be permitted to lease the unbundled network elements ("UNEs") of Defendant Verizon Maryland Inc. ("Verizon"). To effectuate the MPSC's approach, the Order directs Verizon (within 30 days) to file "compliance 'runs'"

---

[1] Order No. 78552, *In the Matter of the Investigation into Rates for Unbundled Network Elements Pursuant to the Telecommunications Act of 1996*, Case No. 8879 (Maryland Pub. Serv. Comm'n June 30, 2003).

and a complete set of revised tariff rates. *See* Order at 139. Those supplemental filings are not yet due. Until such filings are made and are accepted by the MPSC, no new final and appealable UNE rates will have been implemented. More importantly, the time for filing petitions for rehearing of the MPSC's Order has not yet expired, and MCI intends to file a petition for rehearing in the next week (and other parties may do so as well).

Given that new rates are not yet in effect for all UNEs and the MPSC's Order remains subject to revision on rehearing, MCI's current pricing claims challenging the existing UNE rates are not moot. Nevertheless, in the interest of economy for both the Court and the parties, MCI would be amenable to a 90-day stay of the institution of briefing on its pricing claims (Counts I and II of the Amended Complaint) subject to any party's motion to lift or extend the stay as circumstances may warrant. This discrete stay may be sufficient to allow the new UNE rates to go into effect and to allow the MPSC to address the parties' motions for rehearing. At that time, MCI should be in a better position to assess the ultimate effect of the MPSC's final Order on its existing pricing claims once MCI's petition for rehearing, and those filed by any other party, are resolved.

As this Court has recognized, however, the MPSC's Order will affect, at most, only MCI's pricing claims (Counts I and II of the Amended Complaint) and has no impact whatsoever on MCI's non-pricing claims (Counts III, IV and V of the Amended Complaint). Accordingly, MCI respectfully requests that this Court set a schedule for the immediate commencement of briefing on MCI's non-pricing claims (Counts III, IV and V of the Amended Complaint), and not allow the defendants to delay further the resolution of those claims, which have been pending in this action for over three years without merits briefing.

                    Respectfully submitted,

                    MCI WORLDCOM NETWORK SERVICES, INC. and
                    MCIMETRO ACCESS TRANSMISSION SERVICES LLC

| | |
|---|---|
| |   /s/ Michael B. DeSanctis |
| Jeffrey A. Rackow | Michael B. DeSanctis (No. 15043) |
| MCI | JENNER & BLOCK, LLC |
| 1133 19th Street, N.W. | 601 13th Street, N.W. |
| Washington, D.C. 20036 | Washington, D.C. 20005 |
| Telephone: (202) 736-6933 | Telephone: (202) 637-6323 |
| Facsimile: (202) 736-6072 | Facsimile: (202) 639-6066 |

                    *Counsel for Plaintiffs MCI WORLDCOM Network Services, Inc., and MCImetro Access Transmission Services LLC*