

**COMMISSIONERS**
———————
**KENNETH D. SCHISLER**
CHAIRMAN

**J. JOSEPH CURRAN, III**
**GAIL C. MCDONALD**
**RONALD A. GUNS**
**HAROLD D. WILLIAMS**

STATE OF MARYLAND

PUBLIC SERVICE COMMISSION

**SUSAN S. MILLER**
GENERAL COUNSEL

**FELECIA L. GREER**
EXECUTIVE SECRETARY

**GREGORY V. CARMEAN**
EXECUTIVE DIRECTOR

July 28, 2003

The Honorable Judge Andre M. Davis
United States District Court
District of Maryland
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, Maryland  21201

              Re:  <u>MCIWorldcom Network Services, Inc.
                   v. Verizon Maryland, Inc., Case No.
                   AMD00-1518</u>

Dear Judge Davis:

       By letter dated July 5, 2003, the Court directed the parties to file supplemental status reports on the effect the issuance of Order No. 78552, issued in Case No. 8879, has on the above-captioned case.  For the reasons, described briefly below, the Court should dismiss Counts One through Four of Plaintiff's Complaint as moot.

       In its Amended Complaint, MCIWorldcom Network Services, Inc. ("MCI") objects to, among other things, the rates the Maryland Public Service Commission ("Commission") established for lease by MCI of unbundled network elements ("UNEs") from Verizon Maryland, Inc., ("Verizon").  Succinctly stated, MCI objects to the Commission decision to "meld" the two competing cost models offered by the parties rather than rely on its proposed cost model as the sole methodology for determining UNE rates.[1]

       Specifically, Count One alleges that the UNE rates set by the Commission are arbitrary and capricious and otherwise contrary to law because they:

---

[1] The Commission set forth the procedural and factual history in its Memoranda in Support of Motion to Dismiss and relies on those filings for this status report.

WILLIAM DONALD SCHAEFER TOWER  •  6 ST. PAUL STREET  •  BALTIMORE, MARYLAND 21202-6806
410-767-8000  •  Toll Free: 1-800-492-0474  •  FAX: 410-333-6495
MDRS: 1-800-735-2258 (TTY/Voice)  •  Website: www.psc.state.md.us/psc/

The Honorable Judge Andre M. Davis
July 28, 2003
Page 2

    (i)    are not based on the long-run, forward looking cost methodology as required by the Telecommunications Act of 1996 ("1996 Act") and the Federal Communications Commission's ("FCC") binding regulations;

    (ii)    rely on embedded costs in violation of the 1996 Act and the FCC's implementing regulations;

    (iii)    are based on the Commission's "melding" of Verizon's and MCI's proposed loop rates using a weighted average of approximately 60%/40%, respectively; and

    (iv)    are based on inputs, including but not limited to the common cost overhead factor, that were arbitrarily and capriciously determined by the Commission and manipulated by Verizon.

Amended Complaint, ¶41.

    Similarly, in Count Two of the Amended Complaint, MCI alleges that the UNE rates set by the Commission are arbitrary and capricious and otherwise contrary to law because the are not based on the use of the most efficient technology currently available and the lowest cost network configuration. Amended Complaint ¶47.

    In Count Three, MCI argues that the Commission violated the 1996 Act and FCC regulations when it declined to require Verizon to provide access to subloops. Amended Complaint at ¶¶54-56. Similarly, MCI also argues that the Commission erred by not requiring Verizon to provide access to dark fiber. Amended Complaint ¶¶63-65.

    Finally, in its prayer of relief, MCI requests that the Court declare that the Commission's failure to set forward-looking, cost based UNE rates in accordance with the mandated long-run, forward-looking cost methodology, as well as the failure to provide access to subloops and dark fiber, violates the 1996 Act and the FCC's implementing orders and regulations.

    On June 30, 2003, the Commission issued Order No. 78552 in Case No. 8879. This Order replaces the UNE rates objected to by MCI. Furthermore, in Order No. 78552, the Commission did not "meld" together two cost studies. Thus, the methodology

The Honorable Judge Andre M. Davis
July 28, 2003
Page 3

which MCI objects to is no longer used by the Commission.  Finally, the Commission set new UNE rates for subloops and dark fiber, clearly treating these elements as UNEs available to competitive local exchange carriers ("CLECs").  For the reasons set forth briefly below, Counts One through Four are now moot and must be dismissed by the Court.

In *Maryland Highway Contractors Ass'n v. Maryland,* 933 F.2d 1246 (4th Cir., *cert denied,* 502 U.S. 939 (1991), the Fourth Circuit stated that an action is moot when it has "lost its character as a present live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law."  *Id.* at 1249.  "Mootness goes to the heart of the Article III jurisdiction of the courts."  *Suarey Corp. Indus. v. McGraw,* 125 F.3d 222, 228 (4th Cir. 1997).  Finally, the Fourth Circuit has held that "[W]hen circumstances change from the time the suit is filed to the time of appeal, so that the appellate court can no longer serve the intended harm-preventing function or has no effective relief to offer, the controversy is no longer live and must be dismissed as moot."  *Friedman's Inc. v. Dunlap,* 290 F.3d 191, 197 (4th Cir. 2002 (citations omitted)).

The current case epitomizes the situation described in *Friedman's.*  With regard to Counts One and Two, MCI's objections are that the Commission "melded" its "Hatfield Model" with Verizon's own cost study model and that this cost methodology violated the 1996 Act and FCC regulations.

Importantly, MCI has abandoned its advocation of the Hatfield Model as a costing methodology.  In Case No. 8879, MCI sponsored the Modified Synthesis Cost Model ("Synthesis Model")[2]  Since MCI itself is no longer advocating the use of the Hatfield Model, whether the Commission should have adopted this model previously to determine rates is now simply an academic question.  Certainly, this Court should not require the Commission to use a methodology which has been abandoned by the very proponents of that methodology.

Furthermore, the Commission no longer is using the "melded" cost methodology which MCI contends violates federal law.  In Order No. 78552, the Commission agreed with Commission Staff and the Office of People's Counsel that Verizon's new cost model, with changes to various inputs, was the most thorough and complete.[3]  Thus, whether the "melding" of the Hatfield Model and Verizon's model was contrary to federal law also is an academic question.

---

[2] *In the Matter of the Investigation into Recurring Rates for Unbundled Network Elements Pursuant to the Telecommunications Act of 1996,* Case No. 8879, Order No. 78552 (June 30, 2003) at pg. 7.
[3] *Id.* at pg. 18.

The Honorable Judge Andre M. Davis
July 28, 2003
Page 4

With regard to subloop bundling and dark fiber, on September 29, 2000, Verizon filed at the Commission a supplemental UNE rate filing containing rates for those UNEs required by the FCC's orders, including rates for subloops and dark fiber. At a November 29, 2000 Administrative Meeting, the Commission set these supplemental rates as interim rates. Thus, subloops and dark fiber were designated as UNEs and have been available to any CLEC at **Commission approved rates** since November, 2000. Once the Commission approved these rates, Verizon could not unilaterally refuse any CLEC request for subloops or dark fiber.

Even if the Court does not believe that the actions described above rendered Counts Three and Four moot, the issuance of Order No. 78552 clearly renders the issue of the availability of subloops and dark fiber moot. In Case No. 8879, the Commission established permanent rates for both subloops and dark fiber.[4] Specifically, with regard to dark fiber, the Commission expressly stated that "CLECs are able to lease dark fiber from Verizon."[5]

Thus, Counts Three and Four of MCI's Amended Complaint also are moot. MCI essentially is asking this Court to order the Commission to make subloops and dark fiber available to MCI. As described above, the Commission provided for unbundling of subloops and dark fiber on November 29, 2000 and reiterated these UNEs availability in Order No. 78552. Thus, MCI can receive these UNEs whenever it wants and does not need a court order.

Finally, this Court can no longer exercise jurisdiction over the Commission with regard to Counts One through Four. As the Court will recall, the Commission asserted its Eleventh Amendment immunity from suit in federal court. This Court found that the Commission was subject to its jurisdiction under the *Ex Parte Young* doctrine. As noted by the Supreme Court, in determining whether the *Ex Parte Young* doctrine avoids an Eleventh Amendment bar to suit, the complaint must allege an **ongoing** violation of federal law. *Verizon Md. Inc. v. Public Service Commission*, 535 U.S. 635, 122 S. Ct 1753, 1760 (2002). (citations omitted)

In this instance, MCI cannot allege an **ongoing** violation of federal law. Even if the use of a "melded" cost model violated the 1996 Act and FCC regulations, the Commission is no longer using that methodology. Similarly, even if the Commission erred in denying MCI access to both suploops and dark fiber in 1998 the Commission subsequently permitted access to those elements. Thus, the "ongoing violation" alleged

---

[4] A copy of these rates are attached for the Court's information. The Commission adopted the rates listed in A2-R.
[5] Order No. 78552 at pg. 77.

The Honorable Judge Andre M. Davis
July 28, 2003
Page 5

simply no longer exists.  Absent an ongoing violation, the *Ex Parte Young* doctrine cannot be used to negate the Commission's sovereign immunity.

      This status report may not address the issues as fully as the Court may like.  The Commission is willing to file a Motion to Dismiss setting forth the issues in more detail.  A copy of Order No. 78552 is enclosed for the Court's convenience.

                        Sincerely,

                        /s/

                        Susan Stevens Miller
                        General Counsel
                        Bar No. 006100

SSM:jo

Enclosure

cc:  All Parties of Record