IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **MCI WORLDCOM NETWORK SERVICES, INC.,** *et al.*, | * |
| | * |
| Plaintiffs, | |
| | * |
| v. | Civil Action No. AMD-00-1518 |
| | * |
| **VERIZON MARYLAND INC.,** *et al.*, | |
| | * |
| Defendants | |
| | * |

_____

**SUPPLEMENTAL STATUS REPORT**

In accordance with this Court's letter dated July 5, 2003, Verizon Maryland Inc. ("Verizon") submits this Supplemental Status Report. In this action MCI seeks declaratory and prospective relief to prevent enforcement of a series of orders rendered by the Maryland Public Service Commission ("PSC") in Case No. 8731. As the Court's July 5 letter noted, the PSC now has issued Order No. 78552 in Case No. 8879, which establishes final UNE rates that were left unsettled at the resolution of Case No. 8731. Order No. 78552 sets permanent UNE rates and therefore resolves the pricing issues underlying Counts I and II of the plaintiffs' complaint. Accordingly, Verizon submits that those counts (which sought only prospective relief regarding an interim UNE pricing regime that no longer is in effect) have been mooted as a result of the decision in Case No. 8879. Further, Order No. 78552 gives added support to Verizon's argument that there is no true dispute between the parties with respect to Counts III, IV and V of the plaintiffs' complaint, and that those claims are also moot. Accordingly, Verizon requests that this Court dismiss the entire action with prejudice.

### The Timetable at the PSC

In accordance with the PSC's Order No. 78552Verizon will file revised UNE rates that conform to that order, including rates for subloops and dark fiber.  Upon the filing of these revised rates, they  will become immediately effective, supplanting in their entirety the rates set pursuant to the prior PSC order being challenged in this action.   Although plaintiff MCI has indicated that it will file a motion for reconsideration of Order No. 78552 later this week, and anticipates that other parties will also file motions for reconsideration, unless a party seeks and is granted a stay, any such motions will not affect the implementation of the new UNE rates.

### Claims Based on the Orders in Case No. 8731 are Moot

Once Verizon files the new UNE rates,  MCI will cease to pay the rates set by the prior PSC order MCI is challenging; rather, it will pay the new rates (and those rates will be retroactive to December 18, 2002 per prior agreement between Verizon and the PSC).  Because MCI seeks only prospective relief in this action (indeed, under the doctrine of *Ex parte Young* it could not do otherwise), its claims on the UNE pricing issues (Counts I and II) are moot, because the prior order will no longer have an effect that is felt in a concrete way by the parties.

MCI appears to admit the mootness of its claims even while asking this Court to retain jurisdiction over them.  By stating its intent to challenge the propriety of those rates by means of a motion for reconsideration, it recognizes that this Court is not the appropriate forum for such a challenge.  MCI's request for a 90-day stay pending the outcome of the motions for reconsideration should be rejected because no purpose is served by maintaining this action on the Court's docket.  Because the claims are moot, and MCI will never be able to obtain prospective relief, Counts I and II should be dismissed with prejudice.

Further, Verizon continues to believe that Counts III, IV and V are similarly moot, and that Order No. 78552 supports this position. Counts III and IV sought reformation of the parties' interconnection agreement to provide for access to subloops and dark fiber. The PSC's Order No. 78552 provides MCI with even greater relief – not only does it recognize that subloops and dark fiber are available to every competitive local exchange carrier, but it mandates new rates for those elements. Although Order No. 78552 did not address MCI's request for single-point interconnection (the subject of Count V), the same analysis holds true for that claim as well. MCI seeks to brief those claims on the merits, but because Verizon now provides the access that MCI seeks, there is nothing to be briefed. Both MCI and Verizon agree that MCI has the right to order subloops and dark fiber, and to interconnect with Verizon's network at a single point. Verizon has not only made those elements available, as required by the PSC, but has offered to amend its interconnection agreement to provide those elements to MCI. Despite its maintenance of this suit, MCI has not taken advantage of the offer to receive exactly what it seeks. Accordingly, Verizon also requests that Counts III, IV and V be dismissed with prejudice.

                Respectfully submitted,

                 /s/ James P. Garland
                James P. Garland (Bar No. 00182)
                Kirsten M. Eriksson (Bar No. 26884)
                Miles & Stockbridge P.C.
                10 Light Street
                Baltimore, MD 21202
                (410) 727-6464

| | |
|---|---|
| Michael D. Lowe | David A. Hill (Bar No. 11612) |
| 1515 N. Court House Road | 1 East Pratt Street |
| Arlington, VA 22201 | Baltimore, MD 21202 |
| | |
| Of Counsel | Attorneys for Defendant |
| | Verizon Maryland Inc. |

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of July, 2003, a copy of the foregoing Supplemental Status Report was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                   /s/ James P. Garland
                                                       James P. Garland