IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MCI WORLDCOM NETWORK SERVICES, ET AL. | ) ) ) | |
| PLAINTIFFS | ) ) | CIVIL ACTION NO. AMD 00-CV-1518 |
| V. | ) ) | |
| VERIZON MARYLAND, INC., THE MARYLAND PUBLIC SERVICE COMMISSION, KENNETH D. SCHISLER,  J. JOSEPH CURRAN, III, GAIL C. MCDONALD, RONALD A. GUNS, AND HAROLD D. WILLIAMS | ) ) ) ) ) ) ) | |
| DEFENDANTS | ) | |

**MOTION TO DISMISS**
<u>**SECOND AMENDED COMPLAINT**</u>

Comes now Kenneth D. Schisler, J. Jospeh Curran, III, Gail C. McDonald, Ronald A. Guns and Harold D. Williams, constituting the Maryland Public Service Commission ("Commission" or "PSC") by and through its attorney, Susan Stevens Miller, and respectfully requests that this Honorable Court dismiss the Second Amended Complaint filed by MCI World Network Services and MCIMetro Access Transmission Services, LLC ("MCI"), stating as follows:

1.  On February 8, 1996, the Telecommunications Act of 1996 ("1996 Act") became law. In order to promote competition in the local exchange telecommunication market, the 1996 Act imposes a general duty on all telecommunications carriers to interconnect directly or indirectly with the facilities and equipment of other telecommunications carriers. 47 U.S.C. § 251(a). With regarding to incumbent local exchange carriers ("ILECs") such as Verizon Maryland, Inc. ("Verizon"), the duty to interconnect is even more specifically defined by § 251 (c)(2).

2. The procedures for negotiations between competitive local exchange carriers ("CLECs") and ILECs are governed by § 252 of the 1996 Act. If negotiating companies cannot reach agreement, § 252 provides that the parties may request that the appropriate state commission arbitrate unresolved issues. Each interconnection agreement must be submitted to the state commission for approval, regardless of whether the agreement was negotiated by the parties or arbitrated in whole or part, by the state commission. 47 U.S.C. § 252(e)(1).

3. In August 1996, the Federal Communications Commission ("FCC") issued regulations governing the implementation of the 1996 Act. Among other things, these regulations established the pricing methodology for States to use in setting prices. The FCC required States to use total element long-run incremental cost ("TELRIC") in determining appropriate prices. 47 C.F.R. § 51.505(b)(1). In addition, the FCC established a list of seven unbundled network elements ("UNEs") that ILECs were required to provide new entrants. 47 C.F.R. § 51.319 ("Rule 319").

4. On July 18, 1996, the Maryland Public Service Commission ("Commission" or "PSC") instituted Case No. 8731 to consider various interconnection agreements and to arbitrate unresolved issues pursuant to 47 U.S.C. § 252. The Commission set interim rates and established interconnection points. The Commission then instituted a Phase II proceeding.

5. On July 31, 1998, MCI filed a Motion for Rehearing asking that the Commission reconsider the loop and switching rates.

6. On September 5, 2000, MCI renewed its request for reconsideration of the loop and switching rates.

7. On January 19, 2001, the Commission granted the MCI's request to re-examine the UNE rates. This proceeding was redocketed as Case No. 8879.

8. On June 30, 2003, the Commission issued Order No. 78552 in Case No. 8879. Through this Order, the Commission replaced the UNE rates established in Case No. 8731.

9. On July 31, 2003, MCI filed a Petition for Reconsideration and Request for Clarification in Case No. 8879.

10. The Commission directed the parties to respond to the Petitions by October 8, 2003.

11. On October 7, 2003, MCI requested that the time for filing replies be extended until October 22, 2003. The Commission granted this request on the same day.

12. Counts Three through Six of MCI's Second Amended Complaint must be dismissed because MCI has failed to exhaust its administrative remedies.

13. MCI requested rehearing on the very issues raised in the Second Amended Complaint. Thus, MCI's claims are not ripe for review. *Stone v. Ins.,* 514 U.S. 386 (1995).

14. Counts One and Two also must be dismissed. The Commission's issuance of the Order in Case No. 8879 has rendered the previous pricing decision moot. *Maryland Highway Contractors Ass'n. v. Maryland,* 933 F.2d 1246 (4th Cir.), *cert. denied,* 502 U.S. 929 (1991).

15. Because all of the Counts raised in the Second Amended Complaint either are not ripe or are moot, MCI's entire Second Amended Complaint must be dismissed.

**WHEREFORE**, for the reasons set forth in this Motion and in the Memorandum in Support thereof, the Maryland Public Service Commission respectfully requests that MCI's Second Amended Complaint be dismissed.

Respectfully submitted,

_____

Susan Stevens Miller
General Counsel
Maryland Public Service Commission
6 St. Paul Street, 16th Floor
Baltimore, Maryland 21202
(410) 767-8039, Bar No. 006100

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that on this 31st day of October, 2003, a copy of the foregoing Motion to Dismiss Second Amended Complaint of the Maryland Public Service Commission was mailed first class, postage prepaid to the following parties:

Michael DeSanctis, Esq.
Jenner & Block
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C.  20005

James Garland, Esq.
Miles & Stockbridge
10 Light Street
Baltimore, Maryland  21202

_____
Susan Stevens Miller
General Counsel