William R. Roberts
President

**verizon**

Verizon Maryland Inc.
1 E. Pratt Street, Floor 8-E
Baltimore, MD 21202

Phone 410.393.4321
Fax 410.393.4100
william.r.roberts@verizon.com

December 17, 2002

FILED

DEC 1 7 2002

PUBLIC SERVICE COMM.
OF MARYLAND

Hand Delivered

Felecia L. Greer
Executive Secretary
Public Service Commission
 of Maryland
William Donald Schaefer Tower
6 St. Paul Street, 16th Floor
Baltimore, Maryland 21202-6806

Re: Case No. 8921

Dear Ms. Greer:

  This letter is to confirm that Verizon Maryland Inc. ("Verizon") will comply with the conditions set forth in items 1 through 10 in the December 16, 2002 letter of the Maryland Public Service Commission ("Commission"), a copy of which is attached.

  In that letter, the Commission states that "Verizon is technically in compliance with the §271 checklist as defined by the FCC," but conditions its endorsement of Verizon's entry into the long distance market on Verizon agreeing to address the concerns listed in conditions 1 through 10. While these conditions are not necessary to satisfy the §271 checklist, Verizon nonetheless will comply with them as directed.

  Moreover, Verizon's acceptance of Condition 10, "Unbundled Network Element ('UNE') Pricing," is based upon correction of an apparent inadvertent typographical error. In the third sentence of the third paragraph, the Commission directs Verizon "to adopt an interim rate-setting approach similar to that the Company employed and the FCC approved in Verizon Virginia's §271 filing." The rate-setting approach adopted in connection with the Verizon Virginia filing applied to interim recurring rates implementing the FCC's Line Sharing and UNE Remand orders and to certain non-recurring UNE rates, because the Virginia State Corporation Commission had not yet set such rates. This rate-setting approach was not needed for the permanent rates that the Virginia State Corporation Commission had already set. The Commission obviously intends Verizon to apply the Virginia methodology to the comparable rates in Maryland,

namely, the interim recurring rates for UNEs established by the FCC's Line Sharing and UNE Remand orders, and all non-recurring UNE rates – but not to the permanent rates already set by the Commission in Case No. 8731, Phase II. The Commission's letter, therefore, must have meant to say in the third sentence of the third paragraph concerning UNE pricing that "for the other rates *not* previously instituted in Case No. 8731, Phase II, ...", but inadvertently omitted the word "not". The list of rates attached to this letter in accordance with the Commission's direction reflects and complies with the Commission's obvious intent in Condition 10.

Verizon appreciates the Commission's efforts in bringing this important case to a successful conclusion. Verizon expects to file its §271 application for Maryland at the FCC shortly.

Very truly yours,

William R. Roberts

WRR/mlw

Attachments

cc: All Parties of Record and Interested Persons