IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| MCIWORLDCOM NETWORK SERVICES INC., ET. AL. | * * * | |
| PLAINTIFFS | * * | CIVIL ACTION NO. |
| v. | * * | AMD-00-CV-1518 |
| VERIZON MARYLAND, INC. ET. AL., | * * * | |
| DEFENDANTS | * | |

**REPLY MEMORANDUM OF THE**
**MARYLAND PUBLIC SERVICE COMMISSION**

Susan Stevens Miller
General Counsel
Maryland Public Service
Commission
6 St. Paul Street
Baltimore, Maryland  21202
(410)767-8039

I.   **INTRODUCTION**

MCI WorldCom Network Services Inc. and MCI Metro Access Transmission Services LLC ("MCI") fail to present any arguments that would support this Court finding that any aspect of MCI's Second Amended Complaint should not be dismissed. MCI persists in challenging certain rates established by the Maryland Public Service Commission ("Commission") in Case No. 8731 even while conceding that those rates have been superseded. Clearly, MCI's request that the Court find these superceded rates unlawful is moot. As set forth more fully below, MCI's attempted reliance on the Motion to Stay filed by Cavalier Telephone Midatlantic, LLC. ("Cavalier") is intellectually dishonest because this argument relies on a distortion of the facts underlying Case No. 8879.

Similarly, MCI's argument that Counts Three through Six are ripe for review rests on a distortion of applicable federal law. MCI has amended its complaint to challenge some of the new rates adopted by the Commission in Case No. 8879. However, as noted in the motions to dismiss, MCI has made exactly the same arguments concerning those new rates in a petition for reconsideration, which remains pending before the Commission. MCI's opposition fails to overcome the well established principle that a pending petition for reconsideration renders non-final the Commission's Order issued in Case No. 8879. Accordingly, MCI's complaint should be dismissed.

**II.   ARGUMENT**

    A.   FEDERAL LAW DICTATES THAT COUNTS THREE THROUGH SIX BE DISMISSED.

MCI's Second Amendment Complaint basically is a prime example of attempting to "have one's cake and eat it too." MCI's attempt to have this Court consider the issues raised in Counts Three through Six at the same time it is asking the Commission to reconsider those issues violates basic principles of federal administrative law. MCI's contention that the Telecommunications Act of 1996 ("1996 Act") silently negated these universally accepted precepts is not supported by any jurisdiction.

The only two cases cited by MCI do not support the unheard of proposition that the 1996 Act overrode years of federal administrative law. *AT&T Communications Systems v. Pacific Bell,* 203 F. 3d. 1183 (9th Cir. 2000), is clearly distinguishable. The issue before the Ninth Circuit was whether the Plaintiff was required to seek rehearing before the state commission, as required by **California** law, prior to filing for judicial review. Essentially, the Ninth Circuit determined that Congress did not intend to engraft a **state** rehearing requirement onto the 1996 Act. *Id.* at 1186. ("Incorporation of varied state administrative exhaustion requirements is antithetical to [agreements being review swiftly and a uniform system of review]").

In this instance, the Commission is not advocating that state law be applied to MCI. To the contrary, the Court is simply required to apply *federal* administrative law principles. There is no evidence that Congress intended to eviscerate federal administrative law when it enacted the 1996 Act. Furthermore, applying the federal standards which are universally applied in all other circumstances will promote a uniform system of review, not impede such a system.

MCI's reliance on *GTE South v. Morrison,* 199 F.3d 733 (4th Cir. 1999) is equally misplaced. In *GTE South,* the Fourth Circuit was considering a state commission's application of the Federal Communications Commission's ("FCC") rules. However, the FCC rules themselves were on appeal before the Eighth Circuit. The plaintiff, GTE South, requested that the Fourth Circuit stay its consideration of the state commission's order until the Eight Circuit issued a decision regarding the FCC's rules. The Fourth Circuit declined to delay its consideration of the state commission order. Clearly, the situation considered by the Fourth Circuit is absolutely irrelevant to the present case.

Finally, MCI misrepresents the Court's previous decision in an effort to bolster its distortion of federal law. In considering the Commission's first motion to dismiss, the Court concluded that the Commission had formally denied the parties' petitions for reconsideration. Thus, the Court found there was no legal impediment to considering MCI's claim. The current situation clearly is substantially different. MCI cannot deny that it has filed a petition for reconsideration of Order No. 78552. This petition for reconsideration raises the very same claims MCI makes in Counts Three through Six of the Second Amended Complaint. Since Order No. 78552 may be revised, that Order is not ripe for review.

It is a well settled principle of **federal** law that "[t]he timely filing of a motion to reconsider renders the underlying order nonfinal for purposes of judicial review." *Stone v. INS.,* 514 U.S. 386, 392 (1995). In *Stone*, the Supreme Court expressly found that "a party who sought rehearing **cannot** seek judicial review until the rehearing has concluded. *Id.* (emphasis added). MCI presents no argument which would justify the

Court abandoning this well-settled principle. The Court must dismiss Counts Three through Six.

>B. CAVALIER'S MOTION FOR STAY IS IRRELEVANT TO THE COURT'S DISMISSAL OF COUNTS ONE AND TWO.

In its Opposition, MCI claims to recognize that the Commission has adopted new unbundled network element ("UNE") rates. However, MCI attempts to avoid the legal consequences of these new rates by distorting the facts and the nature of Cavalier's Motion before the Commission. As discussed more fully below, Cavalier's Motion for Stay does not alter the conclusion that Counts One and Two are moot. Therefore, the Court should reject MCI's attempt to resuscitate these claims.

The purpose of Case No. 8879 was to establish UNE rates. In Order No. 78552, the Commission established recurring and non-recurring charges, ("NRCs") for the UNEs. Cavalier's petition and motion for stay only challenges the NRCs, expressly stating "[W]hile largely achieving these ends for UNE monthly recurring charges, the Order has failed the TELRIC standard with respect to UNE NRCs." Cavalier's Petition at pg. 1 (MCI Ex. 1).

MCI's reliance on Cavalier's Motion for Stay is intellectually dishonest. MCI's Complaint only objects to the **recurring costs** previously decided by the Commission. Thus, even if the Commission grants Cavalier's request for a stay, Counts One and Two will be unaffected. The switching rates and other recurring costs recently established in Case No. 8879 will remain in place and will continue to supplant those objected to by MCI in Counts One and Two. Therefore, Cavalier's Motion provides no justification for preserving Counts One and Two.

4

Finally, MCI baldy asserts that the Court should exercise jurisdiction over Counts One and Two under an exception to the mootness doctrine. This exception permits consideration of issues that are "capable of repetition yet evading review." *Roe v. Wade,* 410 U.S. 113, 124 (1973). However, MCI fails to offer **any** support for its contention that the very fact–specific decision rendered by the Commission in Case No. 8731 will be repeated in the future. To the contrary, Order No. 78552 amply demonstrates that the specific issues raised in Counts One and Two will **not** be repeated.

The Supreme Court has held that the "capable of repetition, yet evading review" doctrine should be limited to the situation where (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. See, e.g. *Sosna v. Iowa,* 419 U.S. 393 (1975). Counts One and Two meet neither of these requirements. Thus, application of the exception to mootness would be inappropriate in this instance.

The only case cited by MCI to support its request that the Court invoke the exception to mootness is inapposite. In *AT&T Communications v. BellSouth Telecomm.,* No. 3:97-2164-17 (DSC May 24, 2000) (MCI Ex. 2), the District Court considered an appeal of the Statement of Generally Available Terms and Conditions ("SGAT") as well as an interconnection agreement which had been approved by the South Carolina Commission. The SGAT under consideration expired prior to oral argument on the merits. BellSouth Telecommunications argued that the expiration of the SGAT rendered all issues relating to that SGAT moot.

The automatic expiration of the SGAT distinguishes the *AT&T* case from this proceeding. In *AT&T,* the South Carolina Commission did not reconsider and change the methodology by which it developed the rates at issue. To the contrary, the South Carolina Commission continued to argue before the District Court that its methodology was correct. Thus, the District Court had every reason to believe that the South Carolina Commission would use the same methodology in drafting a new SGAT to replace the expired one.

In contrast, the Maryland Commission has replaced the methodology used in Case No. 8731. The Commission did not set UNE rates in Case No. 8879 using the methodology objected to in Counts One and Two. Thus, the issues raised are not "capable of repetition". The methodology which MCI finds so objectionable has been replaced by the Commission. Therefore, Counts One and Two are moot and the exception to the mootness doctrine does not apply in this instance.

Furthermore, the District Court in *AT&T* denied Bell South's request because the SGAT issues mirrored those in the interconnection agreement. Therefore, the Court needed to consider the issues anyway since no party argued that the interconnection agreement was also moot. Finally, the Court relied on the fact that merits had been fully briefed and argued by the parties, a situation not present in this proceeding.

Any decision by this Court with regard to Counts One and Two would be merely an advisory opinion. Counts One and Two have been rendered moot by the Commission's issuance of Order No. 78552. Thus, those Counts must be dismissed.

**III.    CONCLUSION**

For the reasons set in the Commission's memorandum in support of the motion to dismiss, as well as for the reasons set forth above, Counts One and Two must be dismissed as moot. Similarly, Counts Three through Six must be dismissed because MCI's pending petition for reconsideration renders these counts not ripe for review.

Thus, the Court should dismiss MCI's Second Amended Complaint without leave to further amend.

> Respectfully submitted,
>
>
> Susan Stevens Miller
> General Counsel
> Bar No. 006100
> Maryland Public Service Commission
> 6 St. Paul Street
> Baltimore, Maryland  21202
> (410) 767-8039

## CERTIFICATE OF SERVICE

I, Susan Stevens Miller, hereby certify that I served copies of the Reply Memorandum of the Maryland Public Service Commission, by first class United States Mail, postage prepaid, on the individuals listed below. Such service satisfies the requirement of Fed. R. Cir. P. 5(a).

Michael B. DeSanctis, Esq.
Jodie L. Kelly, Esq.
Jenner & Block, LLC
601 13th Street, N.W.
Washington, D.C. 20005

James P. Garland, Esq.
Miles & Stockbridge
10 Light Street
Baltimore, Maryland 21202

                                               Susan Stevens Miller
                                               General Counsel