IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| MCI WORLDCOM NETWORK SERVICES, INC., *et al.*, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. AMD-00-1518 |
| VERIZON MARYLAND INC., *et al.*, ) ) | |
| Defendants. ) ) | |

**REPLY MEMORANDUM IN SUPPORT OF VERIZON'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

MCI's amended complaint should be dismissed. MCI concedes that under normal principles of judicial review of agency decisions, counts three through six of its complaint are unripe because it and other parties have filed petitions for reconsideration that remain pending before the agency. While MCI asserts that courts have created a special exception to this rule for appeals under Section 252 of the 1996 Act, that is simply untrue: the cases it cites are entirely inapposite, and in fact courts have recognized that, as with any other administrative order, it makes no sense for a court to engage in review until that order is final. MCI similarly fails to resuscitate counts one and two of its complaint. Because those counts challenge the *old* rates set by the Maryland commission, and those rates have, as MCI acknowledges, been superseded, its challenge is moot. Even MCI agrees that the Court should stay those counts, but claims they should not be dismissed based on the possibility that the Maryland commission might reinstate

1

some of those old rates. If the commission does decide to reinstate the old rates, MCI can challenge that decision at that time. But such speculation is not a sufficient basis to create jurisdiction in this Court for this case.

**ARGUMENT**

**I.    MCI'S CLAIM THAT COUNTS THREE THROUGH SIX OF ITS AMENDED COMPLAINT ARE RIPE FOR JUDICIAL REVIEW IS WITHOUT MERIT.**

As Verizon explained in its Memorandum in Support of the Motion to Dismiss, counts three through six of MCI's Second Amended Complaint should be dismissed as unripe because they seek judicial review of the Maryland Public Service Commission's ("PSC") June 2003 Order, even though it is currently being reconsidered and therefore not yet final. Verizon Mem. at 3-4, 7. Indeed, MCI's amended complaint is virtually identical to a petition for reconsideration it filed with the PSC on July 31, 2003. As the Supreme Court has held, the

> basic rationale [for the ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also *to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.*

*Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967) (emphasis added), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977); *see also Bellsouth Corp. v. FCC*, 17 F.3d 1487, 1489 (D.C. Cir. 1994) (reiterating that "a party's filing a petition for reconsideration before an agency 'render[s] the underlying agency action nonfinal (and hence unreviewable) with respect to th[at] party'") (quoting *United Transp. Union v. ICC*, 871 F.2d 1114, 1116 (D.C. Cir. 1989)). This doctrine makes obvious sense: it would waste time and resources for a court to review a decision when the agency may change that decision substantially and thereby resolve the complaining party's concerns and/or make other adjustments that would affect review of the order.

MCI concedes that under normal administrative law principles, its claims would be unripe, but claims that courts have found an exception to the well established ripeness doctrine in cases arising under Section 252 of the Telecommunications Act of 1996. MCI Opp. at 4-7. None of the cases cited by MCI, however, supports its position. In *AT&T Communications Systems v. Pacific Bell*, 203 F.3d 1183, 1185-86 (9th Cir. 2000), for example, the issue was *not* whether a party could appeal a state utility commission decision when petitions for reconsideration were pending, but whether a party could appeal such a decision without *first* having filed a petition for reconsideration. Here, of course, the parties have filed petitions for reconsideration of the Maryland PSC's June 2003 decision, and thus *Pacific Bell* is inapposite. MCI's reliance on *GTE South, Inc. v. Morrison*, 199 F.3d 733 (4th Cir. 1999) is likewise misplaced. In that case, the issue was *not* whether an action seeking judicial review of a state commission decision under Section 252 was ripe for judicial review, but rather whether the court should *stay* the action because another case pending in the Eighth Circuit had the potential to invalidate some or all of the rules relied on by the state commission and the court. *Id.* at 743-44. Thus, the *GTE South* case also is entirely irrelevant to this proceeding because it had nothing to do with whether pending petitions for reconsideration render a state commission decision unripe for judicial review.[1]

In fact, contrary to MCI's claim, courts do apply the normal finality rules in cases arising under Section 252 of the Act. For example, one court explained that "Congress has simply not

---

[1] MCI's reliance on the court's statement in *GTE South* that a party may challenge interim rates confuses two separate issues. MCI Opp. at 6. While the rates set by the PSC in that case were interim (subject to a later true up), there is nothing in the court's decision that indicates that any petitions for reconsideration of that decision were pending at the time the plaintiff filed for judicial review, as is the case here. Thus, even though the *rates* were not final, the *decision* setting those rates clearly was final and not subject to further review by the agency.

given courts the authority to abstractly interpret the Act.  Rather, the Act is to be interpreted and applied in the context of the review of specific agreements, and then only after a state commission has taken final action with respect to such agreements."  *GTE North, Inc. v. McCarty*, 978 F. Supp. 827, 835 (N.D. Ind. 1997).  Similarly, another court rejected a plaintiff's complaint under Section 252 as unripe, finding that "Congress intended to defer court review until an agreement has become final. . . .  Review of determinations that have not been made part of a final agreement would only delay and complicate the tightly regulated process established by the Act."  *GTE Northwest, Inc. v. Nelson*, 969 F. Supp. 654, 656 (W.D. Wash. 1997).  Here, like in *McCarty* and *Nelson*, the PSC has not yet issued a final decision on the appropriate UNE rates to be incorporated into the Verizon/MCI interconnection agreement.

Finally, contrary to MCI's assertion, the Court's prior decision in this case does not support MCI's position that counts three through six are ripe for judicial review.  In fact, just the opposite is true.  Verizon had argued that MCI's first amended complaint was not ripe because, although the PSC had denied the pending petitions for reconsideration, it had specifically stated that it would consider the parties' arguments in a new docket.  *See* Verizon Mem. at 2.  In rejecting Verizon's position, the Court concluded:

> [T]he Public Service Commission's *express denial* of all requests for reconsideration of its July 2, 1998, pricing order and the closing of case No. 8731 renders this case ripe for adjudication in any strict jurisdictional sense. . . . [T]he interconnection agreement and the UNE rates contained therein create a binding and enforceable legal obligation and set the definitive terms on which [MCI] may obtain access to Verizon's network, creating a formal administrative decision whose effects are felt in a concrete way by the challenging parties.

*MCI WorldCom Network Servs., Inc. v. Verizon Md., Inc.*, No. AMD 00-1518, slip op. at 16-17 (D. Md. Mar. 31, 2003) (emphasis added).  The PSC's express denial of the pending petitions for reconsideration and closure of the case were therefore critical to the Court's ruling that MCI's

claims were ripe. Here, by contrast, the PSC has not yet acted on the pending petitions for reconsideration of its June 2003 order.

Thus, MCI has failed to offer any credible support for its claim that the well established ripeness doctrine, under which a case is not ripe if petitions for reconsideration are pending, should be disregarded in cases arising under Section 252 of the Act. Counts three through six of MCI's amended complaint should therefore be dismissed.

## II.     MCI ADMITS THAT COUNTS ONE AND TWO ARE MOOT.

As Verizon explained in its Memorandum in Support of the Motion to Dismiss, counts one and two of MCI's Second Amended Complaint should be dismissed as moot because they seek judicial review of UNE rates set in a July 1998 order that are no longer in effect and that have been superseded by the rates adopted in the PSC's June 2003 order – a fact that MCI acknowledges in its response. MCI Opp. at 4; *see also* Verizon Mem. at 4. As the Fourth Circuit has held, if a "court can no longer serve the intended harm-preventing function or has no effective relief to offer, the controversy is no longer live and must be dismissed as moot." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (quoting *County Motors v. General Motors Corp.*, 278 F.3d 40, 43 (1st Cir. 2000)) (internal quotation marks omitted).

MCI's only response to Verizon's motion is to suggest that there is a *possibility* that the PSC may reinstate some of the 1998 UNE rates as part of its decision on the petitions for reconsideration. As an initial matter, MCI's argument only proves Verizon's point above – that the Court should dismiss counts three through six of MCI's amended complaint because the PSC's June 2003 decision is not yet final and may be substantially revised. In any event, by stating that it is "amenable" to having the Court stay counts one and two of its amended complaint, MCI is acknowledging the obvious: there is nothing for the Court to review at this

time. MCI Opp. at 8-9. Counts one and two must therefore be dismissed. MCI offers no principled reason, or legal precedent, for staying this action instead of dismissing it, in contrast to the clear precedent cited by Verizon in its memorandum requiring that the counts be dismissed. Indeed, because "mootness goes to the heart of the Article III jurisdiction of the courts," the Court has an obligation to dismiss a moot case and not simply stay it based on speculation that a controversy might be reignited. *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 228 (4th Cir. 1997); *see also Arizonans for Official English v. Ariz.*, 520 U.S. 43, 66-67 (1997) (noting that the question of whether a controversy is live or moot "goes to the Article III jurisdiction of this Court"). If the PSC does reinstate the 1998 UNE rates when it acts on the petitions for reconsideration, MCI may file an appeal of that decision at the appropriate time.

Finally, MCI's assertion that counts one and two should not be dismissed because they fall under the "capable of repetition, yet evading review" exception to the mootness doctrine should be rejected. As the Supreme Court has explained, "[t]he Court has never held that a mere physical or theoretical possibility was sufficient to satisfy the test . . . . Rather, we have said that there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur . . . ." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Here, there is no evidence that the PSC intends to reinstate the 1998 rates and, accordingly, MCI has no reasonable expectation that the harm it allegedly suffered under the 1998 rates is likely to recur. Nor will MCI's alleged harm evade review. As noted above, if the PSC reinstates the 1998 rates, MCI may file an appeal of that decision. *See Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 63 (4th

Cir. 1989) (an injury evades review only when "the challenged action is too short in duration to be fully litigated").[2]

## CONCLUSION

For the foregoing reasons, Verizon's motion to dismiss should be GRANTED.

Respectfully submitted,

| | |
|---|---|
| Catherine Kane Ronis | David A. Hill |
| Samir Jain | Vice President & General Counsel |
| Wilmer, Cutler & Pickering | Verizon Maryland Inc. |
| 2445 M Street, NW | 1 East Pratt Street |
| Washington, DC 20037 | Baltimore, Maryland 21202 |
| (202) 663-6000 | (410) 393-7725 |
| *Of Counsel* | |
| | James P. Garland |
| | Scott Haiber |
| | Miles & Stockbridge P.C. |
| | 10 Light Street |
| | Baltimore, Maryland 21202 |
| | (410) 727-6464 |

Dated:  December 1, 2003                              *Attorneys for Verizon Maryland Inc.*

---

[2]   MCI's reliance on the *AT&T Communications v. BellSouth* case to support its claim that counts one and two fall within the "capable of repetition, yet evading review" exception is misplaced. MCI Opp. at 9 (citing *AT&T Communications of the S. States, Inc. v. BellSouth Telecomms., Inc.*, No 3:97-2164-17 (D.S.C. May 24, 2000) (slip op.)).  In that case, the plaintiffs appealed certain aspects of BellSouth's Statement of Generally Available Terms and Conditions ("SGAT"), which expired during the proceeding.  The court, among other things, found that the expiration of the SGAT did not moot the appeal because it was likely that the very same issues would "recur in the course of the negotiation of the next potential SGAT . . . ." *BellSouth*, slip. op. at 6.  Here, in contrast, there is no indication that the 1998 UNE rates will be reinstated.  Moreover, the new rates are based on an entirely different record and cost models, and therefore do not raise the same issues addressed in MCI's complaint.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of December, 2003, a copy of the foregoing Reply Memorandum in Support of Verizon's Motion to Dismiss Plaintiffs' Second Amended Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/
James P. Garland